Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of chewing gum similar in all material respects to that the subject of *Fred L. Strauss* v. *United States* (43 Cust. Ct. 136, C.D. 2117), the claim of the plaintiffs was sustained.

No. 63931.—Al-Tray Co. *v.* United States, protests 58/9365, etc. (New York).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of chewing gum similar in all material respects to that the subject of *Fred L. Strauss* v. *United States* (43 Cust. Ct. 136, C.D. 2117), the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, MARCH 9, 1960

No. 63932.—Wilkinson Publishing Co., Ltd., et al. *v.* United States, protests 59/4982, etc. (New York).

Opinion by RAO, J. In accordance with stipulation of counsel that the merchandise consists of gift tags, composed wholly or in chief value of paper, lithographically printed, not over twelve one-thousandths of an inch in thickness, which are not gift or social cards, the claim of the plaintiffs was sustained.

No. 63933.—Daido Corp. *v.* United States, protest 59/6766 (Philadelphia).

Opinion by RAO, J. In accordance with stipulation of counsel that the merchandise consists of cotton and rubber tapes in chief value of india rubber, the claim of the plaintiff was sustained.

No. 63934.—The American Import Co. *v.* United States, protest 58/451 (San Francisco).

FORD, Judge: The merchandise, the subject of this suit, was invoiced as "flower-scissors," and assessed with duty at the rate of 10 cents each and 22½